

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JDL:GMP
F.#2011R01661/NY-NYE-648Z

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 4, 2013

<u>By Hand and ECF</u>

The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: <u>United States v. Joseph Bux</u>
       <u>Criminal Docket No. 11-486 (S-1)(DLI)</u>

Dear Judge Irizarry:

  The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for December 12, 2013. By letter dated December 2, 2013, the defendant requests a sentence of time served. For the reasons set forth below, the government respectfully requests that the Court deny the defendant's request and sentence him within the advisory Sentencing Guidelines range of 33 to 41 months' imprisonment.

I. <u>Background</u>

  In June 2007, agents from the New York Organized Crime Drug Enforcement Strike Force ("OCDESF") began an investigation into a large-scale narcotics distribution organization that was responsible for distributing large quantities of marijuana, cocaine, MDMA and prescription opiates throughout the United States, Canada and Europe. (Presentence Report ("PSR") ¶¶ 4-6).

  During the course of the conspiracy, beginning in approximately 2009, the defendant worked in partnership with co-defendant Hasan Kurti selling marijuana to lower-level street dealers. (PSR ¶ 46). Specifically, the defendant and Kurti dealt to lower level dealers, including co-defendant Frank Mahoney, in pound quantities of marijuana. <u>Id</u>. The defendant and Kurti also assisted co-defendant Gjavit Thaqi's group within the conspiracy by performing errands related to Thaqi's drug trafficking business, such as picking up payments for marijuana

and dropping off marijuana to customers.  Id.  In total, the defendant is responsible for distributing at least 100 kilograms of marijuana.  Id.

On July 13, 2011, a grand jury in the Eastern District of New York returned an eleven-count superseding indictment charging the defendant, among numerous others, in relation to a large-scale narcotics trafficking conspiracy.  The defendant, in particular, was charged with two counts, including marijuana importation conspiracy, in violation of Title 21, United States Code, Section 963, and conspiracy to distribute and possess with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(vii).

On April 2, 2013, the defendant pleaded guilty, pursuant to a plea agreement, to a lesser-included offense of Count Three of the superseding indictment, charging the defendant with conspiracy to distribute and possess with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C).  (PSR ¶ 1).

## II. Discussion

### A. Legal Standard

The Sentencing Guidelines are advisory, not mandatory.  United States v. Booker, 543 U.S. 220, 258-60 (2005).  However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence.  Id.  In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted).  Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [a district court] may not presume that the Guidelines range is reasonable.  [A district court] must make an

individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

    B.    The Advisory Guidelines Range Is 33 to 41 Months

The Probation Department has determined that the adjusted offense level is 21, and the defendant is in Criminal History Category II[1] because the defendant committed the instant offense while on probation for a prior offense. As such, the advisory Guidelines sentencing range is 41 to 51 months. (PSR ¶ 158). The government supports a further two-point reduction for global disposition pursuant to Policy Statement 5K2.0. Including this reduction, the resulting advisory Guidelines sentencing range is 33 to 41 months. Id. at ¶ 172.

    C.    A Sentence Within the Guidelines Range Is Appropriate in This Case

Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case.

A sentence within the advisory Guidelines range is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). The offense of conviction -- conspiring to distribute over 100 kilograms of marijuana -- is a serious crime. Such a serious crime merits serious punishment. Notably, this is not the defendant's first offense. He was convicted of Criminal Possession of a Weapon in the Fourth Degree in connection with his possession of a knife with a four-inch blade and a loaded .22 caliber Freedom Arms revolver. Indeed, the defendant was on probation for that offense when he began his participation in the instant offense. Thus, a term of imprisonment within the advisory Guidelines range is necessary in order to serve these important purposes of sentencing.

A sentence within the advisory Guidelines range is also necessary to afford adequate deterrence to criminal conduct

---

[1] The government erroneously calculated the defendant's Criminal History Category as I in the plea agreement. Due to this oversight, the advisory Guidelines sentencing range calculated in the plea agreement was 37 to 46 months.

and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) & (C).  "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010).  Both considerations support the imposition of a serious term of imprisonment in this case.  In this case, specific deterrence is of particular concern given the fact that (1) this is not the defendant's first offense; (2) he committed the instant offense while on probation for his prior conviction; and (3) the defendant was in his early thirties (hardly an innocent youth) at the time he committed the instant offense.  A sentence within the advisory Guidelines range is therefore necessary to deter the defendant from committing further crimes and to deter others who are in a position to choose between a law-abiding life and a life of crime.

IV.  Conclusion

In this case, given all of the facts and circumstances discussed above, a sentence within the Guidelines range is necessary in order to achieve the purposes set forth in 18 U.S.C. § 3553(a).  Therefore, and for all of the foregoing reasons, the government respectfully submits that the Court should impose a sentence within the advisory Guidelines range of 33 to 41 months' imprisonment.

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney
    Eastern District of New York

By:    /s/_____
    Steven L. Tiscione
    Gina M. Parlovecchio
    Assistant U.S. Attorney
    (718) 254-6317/6228

cc: Jaime L. Turton, U.S. Probation Officer (by E-mail)
    Richard Jasper, Esq. (by ECF)
    Clerk of Court (DLI) (by ECF)